**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

LEONARD EARL MITCHELL, §
Petitioner, §
§
vs. § CRIMINAL ACTION NO. 3:20-0415-MGL
§ CIVIL ACTION NO. 3:23-2123-MGL
UNITED STATES OF AMERICA, §
Respondent. §

**MEMORANDUM OPINION AND ORDER**
**GRANTING RESPONDENT'S MOTIONS FOR SUMMARY JUDGMENT**
**AND TO DISMISS**
**AND DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION**

## I. INTRODUCTION

Petitioner Leonard Earl Mitchell, who is representing himself, brings this 28 U.S.C. § 2255 motion against Respondent United States of America. Mitchell seeks to have both his conviction and sentence vacated. The government has filed a motion for summary judgment as to his initial claims, and a motion to dismiss as to his later-filed ones.

Having carefully considered the motions, the responses, the record, and the applicable law, the Court will grant the government's motions for summary judgment and to dismiss and deny Mitchell's Section 2255 motion.

## II. FACTUAL AND PROCEDURAL HISTORY

The Court sets forth the following timeline of the factual and procedural history of this case:

**July 27, 2021:** Mitchell pled guilty to being a felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). This charge was the second count of an eight-count indictment.

**November 23, 2021:** The Court sentenced Mitchell to ninety months incarceration, followed by three years of supervised release per his plea agreement. In the agreement, Mitchell agreed to waive his right to both an appeal and to other post-conviction relief, except for claims of ineffective counsel, prosecutorial misconduct, or future changes in law. Judgment was entered. In exchange for Mitchell' plea, the government dismissed the remaining seven counts of the indictment. Mitchell failed to file an appeal.

**December 7, 2021:** Mitchell's conviction became final for purposes of starting the one-year Section 2255(f)(1) clock, when the fourteen-day deadline passed for filing an appeal had passed.

**October 31, 2022:** The Clerk of Court entered Mitchell's motion to serve the remainder of his sentence in home confinement. In the motion, Mitchell claimed he was informed by his defense attorney, Mr. Allen B. Burnside "If [Mitchell] pled out to those 90 mo. [he] wouldn't serve nothing but 65% of that sentence due to First Step Act credits." Motion for Home Confinement at 1. Mitchell alleges, upon incarceration, however, he was told by his case worker he was ineligible for the First Step program because "two individuals [were] trading gun fire which makes [his] case violent." *Id.* Mitchell protests he was never aware his crime was violent. He claims Burnside told him his crime was nonviolent.

**December 7, 2022:** The one-year deadline for filing a motion to vacate in accordance with Section 2255(f)(1) expired.

**April 6, 2023**: In an Order concerning Mitchell's motion to serve the remainder of his sentence in home confinement, this Court afforded Mitchell the opportunity to have his home confinement motion construed as a 28 U.S.C. § 2255 motion to vacate. This Court gave Mitchell until May 22, 2023, to provide notice of his intent to have his motion construed as such. The Court further informed Mitchell, given the Section 2255(f)(1) one-year deadline has passed, any additional Section 2255 claims he might want to bring must relate back to the allegations made in his motion to serve the remainder of his sentence on home confinement.

**May 18, 2023:** Mitchell's first supplement was entered by the Clerk of Court, asking for relief unrelated to the claims he made in his home confinement motion. The government responded with a motion for summary judgment as to his initial claims and a motion to dismiss his later filed unrelated claims because they were time barred.

## III. STANDARD OF REVIEW

### *A. Section 2255 Generally*

A prisoner in custody under sentence of a federal court may move the court which imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Four grounds exist upon which relief may be granted under § 2255: (1) where the sentence was imposed in violation of the Constitution or laws of the United States; (2) where the court lacked jurisdiction to impose such sentence; (3) where the sentence was in excess of the maximum authorized by law, and (4) where the sentence is otherwise subject to collateral attack. *Id.*

Regardless of the grounds raised, all such claims are subject to a one-year statute of limitations. § 2255(f). Under § 2255(f), this one-year limitation runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

### *B. When Hearings are Unnecessary*

For § 2255 motions, hearings are unnecessary when "the files and records of the case conclusively show . . . the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). This means "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted) (internal quotation marks omitted).

As such, "conclusory assertions and hearsay statements [do] not suffice to stave off summary judgment or entitle a habeas petitioner to an evidentiary hearing, because none of these would be admissible evidence at an evidentiary hearing." *United States v. Roane*, 378 F.3d 382, 400-01 (4th Cir. 2004) (citation omitted) (internal quotation marks omitted).

## IV. DISCUSSION AND ANALYSIS

### *A. Whether any of Mitchell's original claims have merit*

In Mitchell's motion for home confinement, construed as a timely § 2255 by this Court, Mitchell appears to make three accusations entitling him to relief. First, Mitchell claims Burnside told him he "wouldn't serve nothing but 65% of that sentence due to First Step Act credits." Motion for Home Confinement at 1.

But this purported promise made to Mitchell by Burnside contradicts with statements Mitchell made during his guilty plea. Here is the relevant portion of the transcript from that hearing:

THE COURT: Other than what is contained in your plea agreement, has anyone promised you anything or held out any hope of reward to get you to plead guilty?

MITCHELL: No ma'am.

Guilty Plea Transcript at 11:6-10. A defendant's solemn declaration made when entering a guilty plea create a formidable presumption of validity, which can be overcome only when the record reflects extraordinary circumstances. *See United States. v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) ("Thus, in the absence of extraordinary circumstances . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false.") (internal citations omitted).

Here, the record is bereft of extraordinary circumstances, nor does Mitchell provide specific allegations to support his contradictory statements. As such, this accusation fails to entitle Mitchell to Section 2255 relief. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("The

subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal.).

Second, Mitchell states he "didn't want to plea to [the charge]. [He] knew it was more than it should've been. And if [he] didn't take the 90 months, [he] would've open[ed] [himself] up for a trial case [he] couldn't win[,] Mr. Burnside stated." Motion for Home Confinement at 3.

Once again, this statement completely contradicts Mitchell's affirmations made while entering his guilty plea. In his plea, Mitchell confirmed he was entering the plea of his own free will, without being pressured, and after having enough time to think over his decision. Guilty Plea Transcript, 11:11-20. A defense attorney speculating on a defendant's chances at trial is part of their job responsibilities.

The fact a counsel's prediction of an unsuccessful trial outcome influenced a defendant's desire to enter a guilty plea fails to render the guilty plea invalid. *See Brady v. U.S.*, 797 U.S. 742, 751 (1970) ("We decline to hold . . . a guilty plea is compelled and invalid under the Fifth Amendment whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty rather than face a wider range of possibilities extending from acquittal to conviction and a higher penalty authorized by law for the crime charged.").

Because Mitchell affirmed his guilty plea was entered freely and voluntarily, and advice by Burnside on the chance of success at trial fails to negate Mitchell's affirmation, this attempt to dispute the validity of his plea fails to entitle Mitchell to habeas relief.

And third, as the Court noted above, Mitchell claims he "was told by [his] lawyer Mr. Burnside . . . [his] charge was non-violent." Motion for Home Confinement at 1. Mitchell says, upon incarceration, he was told his crime is violent, making him ineligible for the First Step Program and thus unable to earn credits through the program for an earlier release. Mitchell

appears to be arguing Burnside's alleged misrepresentation of the nature of Mitchell's offense gives Mitchell grounds to raise an ineffective assistance of counsel claim.

When arguing ineffective assistance of counsel related to a petitioner's decision to plead guilty, a petitioner must show: (1) his attorney's performance fell below an objective standard of reasonableness *and* (2) he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, the petitioner "must establish 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *United States v. Fugit*, 703 F.3d at 248, 260 (4th Cir. 2021) (internal citation omitted).

Overcoming this high-bar is extremely difficult for a petitioner in a guilty-plea setting, as the petitioner must convince the court "proceeding to trial would have been objectively reasonable in light of all of the facts." *Id.* In analyzing ineffective assistance of counsel claims, the Court may decline assessing whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Strickland*, 466 U.S. at 697.

The Court is unconvinced proceeding to trial would have been objectively reasonable in Mitchell's situation. Mitchell received a sentence within the guideline range for his offense, an offense he has never claimed to be wrongly convicted of. Mitchell had numerous pending charges dismissed as a result of entering his plea agreement.

Also, subsequent relief motions filed by Mithcell lack any reference to the supposed misrepresentations made by his attorney. Even if such statements were proven to be made, the Court would still find it incredible to assume Mitchell still would have proceeded to go to trial given the uncontested evidence against him contained in the record, and the numerous other charges dismissed by the government following the plea agreement.

As Mitchell has failed to demonstrate how Burnside's performance caused him prejudice, his ineffective assistance of counsel claim must fail.

Therefore, all of the Section 2255 claims Mitchell set forth in his motion to serve the remainder of his sentence on home confinement are without merit. Therefore, the Court will grant the government's motion for summary judgment as to Mitchell's initial Section 2255 claims.

***B. Whether Mitchell's additional claims are timely***

In Mitchell's filings after his motion to serve the remainder of his sentence in home confinement, he raises additional grounds for relief; but the government maintains they are untimely.

As the Court stated above, the one-year limitation for § 2255 motions run from the latest of four specified events. U.S.C. 28 § 2255(f). Mitchell asserts a right recognized by the Supreme Court in *Rehaif,* however, the decision was reached in 2019, before Mitchell's conviction in 2021. *Rehaif v. United States*, 588 U.S. 225 (2019).

Thus, the one-year period in which Mitchell can bring a § 2255 motion began on the date which the judgment of his conviction became final. U.S.C. 28 § 2255(f). Mitchell's judgment was entered on November 23, 2021, and he failed to file an appeal within the allotted fourteen-day window. Fed. R. App. P. 4(b)(1)(A)(i).

A defendant's conviction becomes final when all avenues for appeal have been exhausted, or a defendant fails to peruse those avenues in the necessary timeframe. *United States v. Oliver*, 878 F.3d 120, 125 (4th Cir. 2017). As the Court already mentioned in the timeline above, Mitchell's conviction became final when his window for direct appeal lapsed on December 7, 2021, which is fourteen days after the Court entered judgment on November 23, 2021. Mitchell then had until December 7, 2022, to file a timely § 2255 motion.

The Court was able to consider the merits of Mitchell's Section 2255 claims he presented in his home confinement motion because they were filed before Section 2255's one year deadline had expired.

But the claims he filed after that came after the Section 2255(f)(1) one-year deadline had passed. The Court would have been able to consider any additional claims that related back to Mitchell's original claims had he "stated claims that are tied to a common core of operative facts" found in his motion for home confinement. *Mayle v. Felix,* 545 U.S. 644, 664 (2005).

For purposes of § 2255 motions, amended claims are tied to a common core of operative fact when they relate back to the same "core facts as the timely filed claims, and not when the new claims depend upon events separate in both time and type from the originally raised episodes." *Id.* at 645.

But none of Mitchell's new claims did so. Therefore, because Mitchell's more recent alleged grounds for relief stem from completely different factual circumstances and time periods than the allegations put forth in his timely filed motion, they fail to relate back to his original claim. Therefore, those new are untimely. *Mayle,* 545 U.S. at 645 (2005). As such, the Court will grant the government's motion to dismiss as to these later-filed claims.

## V. CONCLUSION

For the reasons given above, the government's motions to dismiss and for summary judgment are **GRANTED**, and Mitchell's motion to vacate is **DENIED**. As such, Mitchell's request to grant an evidentiary hearing and allow expansion of the record are necessarily **RENDERED AS MOOT**.

To the extent Mitchell requests a certificate of appealability, that request is also **DENIED**.

**IT IS SO ORDERED**.

Signed this 29th day of September, 2026, in Columbia, South Carolina.

s/Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Mitchell is hereby notified of his right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.